14234

VAUGHT, PROBATE JUDGE, *ET AL.* v. UNITED STATES FIDELITY & GUARANTY CO.

(184 S. E., 798)

*Mr. H. H. Woodward,* for appellant,

*Messrs. W. K. Suggs, G. Lloyd Ford* and *Willcox, Hardee & Wallace,* for respondents,

February 19, 1936.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

J. S. Vaught, Probate Judge for Horry County, and Willie Vereen brought an action on March 4, 1932, to recover the sum of $600.00 alleging that the defendant N. M. Gerrald had collected this sum as guardian of Willie Vereen and had failed to account in any manner or in any way for same.

The appellant, United States Fidelity & Guaranty Company, as surety on the guardian's bond, was sued as a co-defendant.

Before N. M. Gerrald was appointed guardian of Willie Vereen, he had been the administrator of the estate of his brother, Henry M. Gerrald. Willie Vereen, nephew of N. M. Gerrald, and Henry M. Gerrald, as heir-at-law of Henry M. Gerrald, was entitled to an interest in the net estate of Henry M. Gerrald. N. M. Gerrald was appointed guardian of Willie Vereen December 30, 1929. Willie Vereen was then approximately 20 years old. It is admitted that Willie Vereen was totally uneducated and could neither read nor write.

It appears from the record that on the same day that the petition asking that N. M. Gerrald be appointed guardian of Willie Vereen was filed, the order granting that petition was made. The letters of guardianship were dated January 2, 1930. N. M. Gerrald made bond dated and filed December 30, 1929, with United States Fidelity & Guaranty Company as surety, and on the same day a fund of $600.00 was transferred by check from N. M. Gerrald as administrator to N. M. Gerrald as guardian of Vereen. It appears further that on December 31, 1929, N. M. Gerrald presented his petition before the Probate Judge alleging that he had acted as guardian during the previous life of Willie Vereen until

in 1929, when Willie Vereen started out for himself; that the guardian had furnished the boy with maintenance and support during his life in the sum of $600.00. Whereupon, the Judge of Probate granted two orders on that same day reciting that it appeared that the guardian had supported his ward as alleged in the petition, and that it appeared that he should now be reimbursed, and allowing him $600.00 in one of the orders; the other order contained the same recitals but allowed him $400.00 for such support instead of $600-.00, allowed a disbursement of $25.00 attorney's fees and $10.00 premium on the guardian bond.

The case was tried before Judge Sease and a jury, and resulted in a verdict against both defendants for the full amount claimed, with interest from the twenty-first birthday of Willie Vereen.

From the judgment entered thereon, the defendant United States Fidelity & Guaranty Company alone appeals, upon nine exceptions which make but two issues, viz.:

(1) Did the Circuit Judge err in refusing to direct a verdict in favor of the United States Fidelity & Guaranty Company?

(2) Did the Circuit Judge err in his charge to the jury?

Upon the two orders and the facts of the case, appellant contends that the presiding Judge erred in not directing a verdict for the appellant surety, because the orders of the Probate Court, above referred to, could not be attacked except in direct proceedings in the same case in the Probate Court; because the Court had the right to manage and control the estate of the minor, and had done so by means of the orders made by the Probate Court and not appealed from; and because, if the orders were regular, Willie Vereen's only recourse was against the Judge of Probate and his surety for the loss sustained by him.

We hold this position to be untenable. An examination of the record in this case shows that the application of Gerrald to have the funds of his ward turned over to him in his own

right, and the order directing the disbursement of the infant's entire estate, and the check by which the funds were withdrawn all bore the same date, and that this was three days before the letters of guardianship were executed by the Probate Court.

The law is very jealous of the rights of minors, and the irregularity of the whole proceeding in the Probate Court in this case removes any jurisdiction that the orders of that Court might have exercised over Willie Vereen.

In the case of *Finley v. Robertson,* 17 S. C., 435, this Court said:

"The mode of making infants parties to an action in a Court of record is clearly and expressly prescribed by statute, and a due and tender regard for the rights and welfare of infants requires that this statute shall be strictly followed. * * * All the formalities prescribed by statute must be complied with. * * *

"*The record of this inferior court fails to show that the law has been complied with* in that action, either in making the infants parties, *or in the appointment of a guardian ad litem;* on the contrary it shows that the proper steps were not taken; and * * * that the most essential steps to make him a party and to have him represented by a guardian *ad litem* were never taken. Thomas R. Finley and his sister, Margaret, are not concluded by that judgment, and are not barred thereby of the right to their share of this land." (Italics added.)

From the case of *Genobles v. West,* 23 S. C., 154, we quote the following: "Henry C. Genobles was a minor when the former suit was instituted. The Circuit Judge concludes from an examination of the record that he was personally served with the summons; but as the application for the appointment of the guardian *ad litem* does not itself show that it was personally served, and as the order appointing the guardian *ad litem* does not show that it was filed, and as the guardian's answer does not show that it was served on plain-

tiffs' attorney, the Circuit Judge concludes that the record shows that as to the minor, Henry C. Genobles, the Court never had jurisdiction. * * * As a minor, Henry C. Genobles could not be bound by his consent."

The case of *Tederall v. Bouknight,* 25 S. C., 275, is in striking similarity to that now before the Court. There the record shows that Mary Stewart, a minor, was named in the petition in the Probate Court as one of two defendants; that Brooks, the other defendant, petitioned the Probate Judge to be appointed her guardian *ad litem,* saying that she, his granddaughter, "is desirous of having a guardian *ad litem* appointed to appear and answer in her behalf." He was appointed and answered submitting her rights. The record, however, failed to show that notice was given of appointment of guardian *ad litem.* The Court said:

"Upon a careful examination of the whole record, it appears * * * that the application of Brooks to be appointed guardian *ad litem,* his appointment as such, his answer and consent to the partition, and the final order of the Probate Judge. * * * directing sale of the land, were all filed on the same day, * * * and the land was actually sold on the succeeding sales day of December. * * *

"We agree with the Circuit Judge, that the Proceedings in the Probate Court were not 'regular on their face,' but, on the contrary, show that Mary Stewart, named as an infant defendant, was never legally made a party, and that the judgment and order of sale in probate were, as to the said Mary, *coram non judice,* and void."

The petition for rehearing in this case calls to the attention of the Court that it has fallen into the error of supposing and holding that the action was one between the ward and his guardian for an accounting, whereas, the Judge of Probate as party plaintiff is suing to recover the amount of money improperly paid to Gerrald, guardian, by the Probate Judge. This position is well taken by petitioner, but it does not follow that there need be a rehearing.

The judgment of the Circuit Court is affirmed. The opinion heretofore filed is withdrawn, and this opinion is substituted in its stead.

The petition for a rehearing is refused.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BAKER, and FISHBURNE concur.